IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RTP LLC, a Michigan limited liability company, and INHERITANCE CAPITAL GROUP, LLC, n/k/a W&D REAL ESTATE OPPORTUNITY FUND I, LLC, a Michigan limited liability company,<br><br>    Plaintiffs and Counter-Claim Defendants,<br><br>    v.<br><br>ORIX REAL ESTATE CAPITAL, INC.,<br><br>    Defendant and Counter-Claim Plaintiff. | Case No. 13-CV-00350<br><br>Honorable Charles Kocoras |

**DEFENDANT/COUNTER-CLAIM PLAINTIFF'S MOTION
FOR ENTRY OF FINAL JUDGMENT ORDER**

NOW COMES Defendant/Counter-Claim Plaintiff, ORIX Real Estate Capital, Inc. (*"ORIX"*), by and through its counsel Chapman and Cutler LLP and Kilpatrick Stockton & Townsend LLP, and for its Motion for Entry of Final Judgment Order,[1] respectfully states as follows:

    1. In its Memorandum Opinion dated September 8, 2014 (Docket No. 111), the Court granted in its entirety ORIX's motion for summary judgment (Docket No. 62) and denied in its entirety Plaintiffs/Counter-Claim Defendants' motion for partial summary judgment (Docket No. 66). As more fully described in the Memorandum Opinion, the Court determined that Events of Default under the Loan Agreement occurred beginning in September 2010 and that Counter-Claim Defendants are jointly and severally liable for violations of Sections 1(a)(x) and 1(b)(ix) of the Guaranty.

---

[1] All capitalized terms which are not otherwise defined in this Motion have the meanings ascribed to them in ORIX's Statement of Undisputed Material Facts (Docket No. 64) and ORIX's Statement of Additional Undisputed Material Facts (Docket No. 72).

2.  In the Memorandum Opinion (at p. 38), the Court stated: "At this juncture, without a current accounting of all liabilities, it is premature to enter a specific judgment award as encouraged by ORIX." This motion sets forth a current accounting of all liabilities.

**A.  "Indebtedness" and "Obligations" Recoverable under Section 1(b) of the Guaranty**

3.  Paragraph 1(b) of the Guaranty, a true and correct copy of which is attached hereto as Exhibit 1, provides, in pertinent part (Exhibit 1, pp. 1-2, 4):

> 1.  *Liabilities*. Notwithstanding any exculpation or other provisions in any Loan Document to the contrary, Guarantor agrees to be personally liable for the payment and satisfaction of each and all of the following (collectively, *"Guarantor's Liabilities"*):
>
> (b)  Without limiting the generality of subparagraphs (a) or (b) above, all of the Indebtedness and other Obligations (including Losses and Expenses) in the event of:
>
> (ix)  any distributions by Borrower of cash or assets after an Event of Default or the occurrence of a Cash Trap Event.

4.  Recital A of the Guaranty states that all capitalized terms not otherwise defined in the Guaranty shall have the meanings given them in the Loan Agreement. (Exhibit 1, p. 1). The Loan Agreement, a true and correct copy of which is attached hereto as Exhibit 2, defines "Indebtedness" and "Obligations" as follows (Exhibit 2, Schedule 1.2, pp. 5-6, 8):

> *"Indebtedness"* means obligations of Borrower to Lender from time to time for the payment of money, including without limitation, the principal amount of the Loan outstanding from time to time, all Accrued Interest, the Exit Fee, all Charges and all amounts expended by Lender or on its behalf which Borrower is obligated to reimburse, including interest, as provided in the Loan Documents.
>
> *"Obligations"* means all or any payment or performance obligations of Borrower or Guarantors to Lender under the Loan Documents.

**B.     "Losses and Expenses" Recoverable under Section 1(a) of the Guaranty**

5.     Paragraph 1(a) of the Guaranty provides, in pertinent part (Exhibit 1, pp. 1-2):

> 1.     *Liabilities*. Notwithstanding any exculpation or other provisions in any Loan Document to the contrary, Guarantor agrees to be personally liable for the payment and satisfaction of each and all of the following (collectively, *"Guarantor's Liabilities"*):
>
> (a)     All Losses and Expenses arising from any of the following:
>
> (x)     any use of Revenues generated after the occurrence of any Cash Trap Event or Default for purposes other than payment of usual and customary operating expenses of the Property or the Indebtedness.

6.     The Guaranty (Exhibit 1, p. 4) defines "Losses and Expenses" as follows (emphasis added):

> The term *"Losses and Expenses"* means (a) all losses, damages, direct or consequential, and liabilities which Lender or any subsequent holder of the Note may pay or incur, **including protective advances and the cost of appraisals, site investigation, engineering reports and surveys, audits or other investigations** and (b) all reasonable attorneys' fees, court costs and other legal expenses and all other costs and expenses of any kind which Lender or any subsequent holder of the Note may pay or incur in attempting to collect, compromise or enforce, in any respect, any of Guarantor's Liabilities, whether or not suit is ever filed, and whether or not in connection with any insolvency, bankruptcy, reorganization, arrangement or other similar proceeding involving Borrower, any Guarantor or any other guarantor. If Lender pays any such cost or expense, *"Losses and Expenses"* shall also include interest at the Default Rate on any such payment from the date such cost or expenses is incurred until repayment to Lender in full.

C. **Accounting of "Indebtedness," "Obligations" and "Losses and Expenses Due from RTP LLC and Inheritance Capital Group, LLC n/k/a W&D Real Estate Opportunity Fund I, LLC**

7. The Declaration of Chuck Crouch of ORIX, attached to this Motion as Exhibit 3, includes an accounting of all liabilities for the violations of Sections 1(a)(x) and 1(b)(ix) of the Guaranty, excluding attorneys' fees and expenses and costs which will be presented separately pursuant to the Court's local rules. Such liabilities total $32,039,673.43.

8. Principal and interest on the Loan are recoverable under Section 1(b) of the Guaranty as "Indebtedness" and "Obligations." Interest is recoverable at the Default Rate pursuant to Section 2.3.1 of the Loan Agreement. In the Declaration of Chuck Crouch and the accounting of the Loan attached thereto (the *"Payment History"*) (a) interest at the contract rate of 6.5% is calculated from December 1, 2013, the last date as of which the contract rate of interest was paid from the funds received and applied pursuant to the Cash Trap Event, and (b) interest at the Default Rate of an additional 5.0% is calculated from September 14, 2010, the date when PFRSCD sent a written notice to ICG Real Estate Advisors advising that it was in material breach of the Inheritance Operating Agreement (*see* Memorandum Opinion, p. 14).

9. The Payment History reflects the funds received by ORIX pursuant to the Cash Trap Event and the application of those funds to the principal and interest due on the Loan.

10. The Declaration of Chuck Crouch reflects a credit to the amounts due under the Loan for ORIX's credit bid in the North Carolina Foreclosure Action.

11. The Declaration of Chuck Crouch reflects a credit to the amounts due under the Loan for the amount which ORIX has received and anticipates receiving within approximately thirty days as the final balance of the account of the receiver in the North Carolina Foreclosure Action. This amount includes (a) funds for rent of the Property paid by Reichhold to the receiver in the North Carolina Foreclosure Action, (b) deductions for the receiver's fees and expenses and (c) insurance premium refunds (already received by ORIX).

12. The Cushman Wakefield and Lee Associates appraisal report fees, and the environmental and property condition report fees, are recoverable under Section 1(a) of the Guaranty as "Losses and Expenses."

### D. Request for Entry of Final Judgment Order and Proposed Form of Final Judgment Order

13. ORIX respectfully requests entry of a final judgment order reflecting the Court's ruling in the Memorandum Opinion and awarding damages to ORIX and against Counter-Claim Defendants, as accounted for in this motion, in the amount of $32,039,673.43. A form of final judgment order is attached to this motion as Exhibit 4.

WHEREFORE, for the foregoing reasons, Defendant/Counter-Claim Plaintiff respectfully requests that the Court enter a final judgment order reflecting the Court's ruling in the Memorandum Opinion and awarding damages in favor of ORIX and against Counter-Claim Defendants in the amount of $32,039,673.43

Dated: September 18, 2014

                                            ORIX REAL ESTATE CAPITAL, INC.

                                            By:  /s/ Michael T. Benz

David T. Audley
Michael T. Benz
Brittany L. Viola
CHAPMAN AND CUTLER LLP
111 West Monroe Street
Chicago, Illinois 60603-4080
(312) 845-3000
(312) 701-2361 (Fax)
audley@chapman.com
benz@chapman.com

James H. Pulliam
Christopher J. Fernandez
KILPATRICK TOWNSEND & STOCKTON LLP
Suite 2500
214 North Tryon Street
Charlotte, North Carolina 28202-2381
(704) 338-5119
(704) 371-6412 (Fax)
jpulliam@kilpatricktownsend.com
chfernandez@kilpatricktownsend.com

CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on September 18, 2014, before 4:00 p.m., a copy of the foregoing **DEFENDANT/COUNTER-CLAIM PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT ORDER** was filed electronically and served via messenger on:

> Paula K. Jacobi
> Greg Gistenson
> BARNES & THORNBURG LLP
> One North Wacker Drive, Suite 4400
> Chicago, IL 60606

By: \_\_\_\_/s/ Michael T. Benz\_\_\_